UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| HAROLD BLAINE FLYNN, JR., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTELLIGRATED SERVICES, LLC, *et al.*, ) <br> ) <br>     Defendants. ) | Civil No. 3:20-cv-00019-GFVT-EBA <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

*** *** *** ***

This matter is before the Court on Intelligrated's Motion for Summary Judgment. [R. 39.] For the reasons that follow, the Motion **[R. 39]** is **GRANTED**.

**I**

Mr. Flynn was a Customer Service Engineer employed by Intelligrated from April 30, 2012 to November 2019. [R. 1-1 at 4.] He performed electrical work on conveyor systems, which required him to lift, install, remove, carry, and work on "heavy machinery and equipment." *Id.* In August 2013, Mr. Flynn suffered a "severe rotator cuff injury" from an accident at a job site. *Id.* at 5. The injury ultimately required surgery. *Id.* at 5-6.

Mr. Flynn returned to work in May 2014 and "was placed on restrictions by his physicians." *Id.* at 6. He alleges that "those restrictions were ignored as Mr. Flynn continued his regular duties." *Id.* As a result, his "injury exacerbated, and he had to undergo a second surgery." *Id.* In a letter dated September 12, 2014, "Mr. Flynn's physician placed him on permanent restrictions." *Id.* These restrictions included lifting no more than thirty to forty pounds and not performing significant or repetitive overhead lifting. *Id.*; R. 1-4 at 23. Mr. Flynn alleges that Intelligrated did not accommodate those restrictions. *Id.* He identifies numerous

instances in which he was dispatched to a job site and was allegedly required to conduct work exceeding his restrictions. *See id.* at 10-11. He alleges that as a result, he "is now completely disabled and unable to work." *Id.* at 11.

Mr. Flynn brought disability discrimination (failure to accommodate), disability retaliation, hostile work environment, promissory estoppel, and worker's compensation claims. *Id.* at 12-16. The Court dismissed the majority of these claims by prior order, leaving only a portion of his failure to accommodate claim to proceed to summary judgment. [R. 12.] After Intelligrated moved for summary judgment, the Court required the parties to file additional briefing on the issue of whether Mr. Flynn presented an accommodation request to Intelligrated. [R. 46.] The parties submitted that briefing and the matter is now ripe for review. [R. 47; R. 48.]

**II**

Summary judgment is appropriate when the pleadings, discovery materials, and other documents in the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the Pres. of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-moving party must

go beyond the pleadings and come forward with specific facts demonstrating there is a genuine issue in dispute. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324).

The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). In doing so, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013).

Only the portion of Mr. Flynn's failure to accommodate claim alleging unlawful conduct after February 2, 2015 survived dismissal. [R. 12 at 5-6.] Intelligrated now moves for summary judgment on this limited claim. [R. 39.] Mr. Flynn brings this claim pursuant to the Kentucky Civil Rights Act, which prohibits employers from discriminating against employees on the basis of being a "qualified individual with a disability." Ky. Rev. Stat. Ann. § 344.040(1)(a).[1] The parties agree that, to establish a *prima facie* case for failure to accommodate a disability, Mr. Flynn must show that:

(1) [He] had a disability within the meaning of KRS 344.010(4);
(2) Despite the disability, [he] was otherwise qualified to perform the essential functions of the job in question, either with or without reasonable accommodation;
(3) [Intelligrated] knew or had reason to know about [his] disability;
(4) [He] requested an accommodation; and
(5) [Intelligrated] failed to provide the necessary accommodation.

---

[1] Because the language of the KCRA essentially reflects that of the Americans with Disabilities Act, courts interpret the KCRA consistent with the ADA. *See Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592 (Ky. 2003); *Bryson v. Regis Corp.*, 498 F.3d 561, 574 (6th Cir. 2007); *Banks v. Bosch Rexroth Corp.*, 610 Fed.Appx. 519, 526 (6th Cir. 2015).

3

*Larison v. Home of the Innocents*, 551 S.W.3d 36, 45 (Ky. Ct. App. 2018); [R. 39-1 at 8; R. 42 at 3-4].  Mr. Flynn bears the initial burden of establishing the *prima facie* case.  *Id.*

Intelligrated argues that Mr. Flynn fails to establish the fourth element: that he presented the company with an accommodation request.  [R. 39-1 at 8-11.]  It specifically argues that Mr. Flynn "never connected any training or transfer request or job application to his injury." *Id.* at 10.  In response, Mr. Flynn argues that a September 2014 doctor's note explaining his disability and resulting limitations constitutes a reasonable accommodation request.  [R. 42 at 4-5.]  He also cites an August 2015 letter from Intelligrated's Human Resources Department confirming that he was on worker's compensation leave in 2014.  *Id.* at 4.

The August 2015 letter is not an accommodation request.  It does not identify any restrictions which would affect Mr. Flynn's ability to perform his job duties.  [R. 42-2 at 2.]  Rather, it merely states that he was on worker's compensation leave from January 28 to May 26, 2014.  *Id.*  This letter may show that Intelligrated was aware of Mr. Flynn's disability, but Intelligrated does not argue it was not aware of his disability.  There is a separate requirement that the employee present their employer with an accommodation request.  *See Larison*, 551 S.W.3d at 45.  A letter from Intelligrated to Mr. Flynn confirming that he was on worker's compensation in the past cannot be construed as a request for a reasonable accommodation in the future.

The September 2014 letter could constitute an accommodation request.  That letter explains some general limitations which Mr. Flynn's physician recommended.  [R. 42-3 at 2.]  Mr. Flynn frames the letter's "fundamental message" as stating that his "work capacity is diminished due to his work-related injuries and he should not be doing any overhead lifting."  [R. 42 at 5.]  Accommodation requests "can be inferred by context," and one such context exists

4

when the employee presents a doctor's note with recommended restrictions. *Aldini v. Kroger Co. of Mich.*, 628 Fed. App'x 347, 351 (6th Cir. 2015). He argues that in 2015, Intelligrated gave him four job placements with his normal job duties, which exceeded the limitations explained in the letter. *Id.*

In reply, Intelligrated argued that Mr. Flynn presents no evidence that he ever provided the 2014 letter to them. [R. 43 at 4.] The letter itself contains no indication of whether Intelligrated received it. Notably, it is addressed "To Whom It May Concern," not to Intelligrated. [R. 42-3 at 2.] The Court recognized that "the record is unclear, beyond the mere existence of the letter and its submission as an exhibit in this action, whether Mr. Flynn submitted the letter to his employer." [R. 46 at 2.] It ordered the parties to submit supplemental briefing on the limited issue of whether Mr. Flynn submitted the letter to his employer. *Id.*

Mr. Flynn's supplemental filing claims that he "effectively transmitted his doctor's note with the applicable work restrictions to Mr. Flynn's immediate supervisors." [R. 47 at 1 (emphasis added).] He claims that he emailed the letter to the HR department. *Id.* at 3. His support for this assertion is his own affidavit, created and submitted after the Court ordered further briefing. *Id.* (citing [R. 47-2]). In it, he states "I emailed everything related to my injury, recovery, and restrictions to the HR department." [R. 47-2 at 2.]

Mr. Flynn's affidavit is insufficient, without more, to create a genuine issue of material fact over whether he presented an accommodation request to Intelligrated. The Sixth Circuit addressed a similar situation in *Sublett v. Masonic Homes of Ky., Inc.*, No. 21-5959, 2022 WL 2798998 (6th Cir. July 18, 2022). The plaintiff in *Sublett* also brought a failure to accommodate claim under the Kentucky Civil Rights Act. *Id.* at *1. The plaintiff's "only evidence . . . on this issue consist[ed] of statements in her affidavit, which she attached to her response to [the

5

defendant's] motion for summary judgment." *Id.* at *8.  Those statements were insufficient to create a genuine issue because they were "found only in a self-serving affidavit, and not anywhere in [the plaintiff's] deposition testimony or other evidence revealed in discovery" and did "not specify dates for the alleged requests or describe the tasks beyond general terms." *Id.*

Mr. Flynn's affidavit suffers the same flaws.  His affidavit is also self-serving, and his claim that the emailed the 2014 letter is not found "anywhere in [his] deposition testimony or other evidence revealed in discovery." *Id.*  His affidavit also does not specify a date, or even a general time frame, in which he submitted the request. *Id.*  Like the affidavit in *Sublett*, Mr. Flynn's affidavit offers an "unsubstantiated assertion," which is "not enough to defeat a well-supported motion for summary judgment." *Gooden v. City of Memphis Police Dep't*, 67 F. App'x 893, 895 (6th Cir. 2003); *see also F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

Ultimately, Mr. Flynn failed to establish an element of his *prima facie* failure to accommodate claim: that he presented an accommodation request to Intelligrated.  The only communication which could have constituted an accommodation request—the 2014 letter—does not itself establish that it was ever sent to Intelligrated.  [*See* R. 42-3.]  The only other evidence that it was sent is Mr. Flynn's affidavit.  [R. 47-2.]  However, that affidavit is insufficient on its own to create a genuine issue of material fact over whether he requested an accommodation from Intelligrated.  Mr. Flynn having failed to establish that he requested an accommodation, Intelligrated is entitled to summary judgment.

6

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Motion for Summary Judgment **[R. 39]** is **GRANTED**;

2. This case is **STRICKEN** from the Court's active docket; and,

3. Judgment shall issue promptly.

This the 21st day of September, 2023.

Gregory F. Van Tatenhove
United States District Judge